# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| MICHAEL GOMILLION, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL NO. 4:12-CV-104-CDL-MSH |
| VS. | : | |
| | : | |
| Warden STANLEY WILLIAMS, | : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2254 |
| Respondent. | : | BEFORE THE U.S. MAGISTRATE JUDGE |

## ORDER FOR SERVICE

Petitioner Michael Gomillion has filed an application for writ of habeas corpus under 28 U.S.C. § 2254 and has paid the filing fee required by this Court. It is therefore **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition. If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent Stanley Williams file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed,

Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

A copy of the petition and a copy of this Order shall be served by the Clerk by U. S. mail on Respondent and on the Attorney General of the State of Georgia. The Clerk of the Court is further directed to serve a copy of this Order upon Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

Petitioner's pending Motion for Counsel (ECF No. 5) is premature. Generally, there is no right to legal representation in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992). The Rules governing habeas cases "provide that appointment of counsel is proper if an evidentiary hearing is needed, if certain discovery is required, or 'if the interest of justice so requires' . . . ." *Jones v. Thompson*, 2010 WL 3909966 *2 (S.D. Ga. Oct. 5, 2010) (citing Rules 6(a) & 8(c) of the Rules Governing § 2254 Cases). This Court is not yet able to determine whether counsel needs to be appointed in this case. However, if it becomes apparent, at some point later in these

proceedings, that counsel should be appointed for Petitioner, the Court will entertain a renewed motion for counsel. Until then, Petitioner's Motion is **DENIED**.

SO RECOMMENDED, this 22nd day of June, 2012.

                                                S/Stephen Hyles  
                                                UNITED STATES MAGISTRATE JUDGE