**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| MICHAEL GOMILLION, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | CASE NO. 4:12-CV-104-CDL-MSH |
| | : | 28 U.S.C. § 2254 |
| Warden STANLEY WILLIAMS, | : | |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Presently pending before the Court are Respondent's Motion to Dismiss for Lack of Exhaustion (ECF No. 13), Petitioner's motion to be transferred to a federal prison (ECF No. 11), and Petitioner's multiple motions for discovery (ECF Nos. 18, 19, 25, 26, & 31). For the reasons explained below, Respondent's motion should be granted. Petitioner's remaining motions should be denied as moot.

**BACKGROUND**

On August 21, 2008, Petitioner was sentenced to life plus twenty-five years for his convictions of, *inter alia*, murder, aggravated assault, and possession of a fire arm during the commission of a crime in the Superior Court of Muscogee County. (Pet. for Writ of Habeas Corpus 1, ECF No. 6.) On September 18, 2008, Petitioner moved for a new trial. (Resp't's Ex. 8 at 5, ECF No. 17-8.) Thereafter, Petitioner's appellate attorney was changed and an amended motion for new trial was filed on January 18, 2011. (Resp't's Ex. 8 at 11.) It also appears from the record that Petitioner filed a pro se motion for a new

trial in the Superior Court of Muscogee County on March 11, 2011 (*Id.* at 11.) The Superior Court of Muscogee County has not yet ruled on Petitioner's motion for new trial. Consequently, Petitioner has not directly appealed his case and has not filed for state habeas relief. Petitioner filed this federal action for habeas relief on May 11, 2012.

## DISCUSSION

### I.     Lack of Exhaustion

Title 28, United States Code § 2254(b)(1)(A) states that an application for a writ of habeas corpus by a "person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]" Section 2254(c) further explains that a petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Petitioner raises several grounds in his application for habeas relief—such as actual innocence and ineffective assistance of trial counsel—all of which could and should be raised by Petitioner either in a direct appeal or initially at a state habeas proceeding. (Pet. for Habeas Corpus 5-56.) Petitioner's time to file a direct appeal in his action has not even begun because his motion for new trial is still pending. O.C.G.A. § 5-6-38(a).

Since Petitioner he has not presented his claims to be reviewed by a state court, he has not exhausted his State remedies as required by 28 U.S.C. § 2254(b)(1)(A). *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 845 ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims

2

before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.") Consequently, this Court cannot grant habeas relief to the Petitioner and Respondent's motion to dismiss should be granted.  In light of the Court's recommendation that Petitioner's application for habeas relief be dismissed, Petitioner's remaining pending motions should be denied as moot.

## II.     Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons described above, Respondent's Motion to Dismiss (ECF No. 13)

should be GRANTED and Petitioner's action should be dismissed for failure to exhaust. Petitioner's remaining pending motions (ECF Nos. 11, 18, 19, 25, 26, & 31) should be denied as moot. Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

      SO RECOMMENDED, this 2nd day of November, 2012.

                                        S/Stephen Hyles
                                        UNITED STATES MAGISTRATE JUDGE