**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

MICHAEL GOMILLION,                          :
                                            :
                   Petitioner,              :
                                            :
vs.                                         :          CASE NO. 4:12-CV-104-CDL-MSH
                                            :                28 U.S.C. § 2254
Warden STANLEY WILLIAMS,                     :
                                            :
                   Respondent.              :
_____

## SUPPLEMENTAL REPORT
## AND RECOMMENDATION

The Court issued a Report and Recommendation ("R&R") in this case on November 2, 2012, addressing Respondent's motion to dismiss and finding that Petitioner's application for habeas relief should be dismissed for failure to exhaust. Petitioner objected to that R&R claiming that there has been an "inordinate delay of direct appeal due process" in his state case. (*See* Objections 4-5, ECF No. 37.) Because there are certain circumstances under which delay by the state court can cause a petitioner to be excused from the exhaustion requirement, the Court specifically addresses this objection and makes additional findings for the record. *See* 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *Cook v. Fla. Parole & Prob. Comm'n*, 749 F.2d 678, 680 (11th Cir. 1985) (State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief.").

## DISCUSSION

In August 2008, Petitioner was sentenced to life in prison for murder, aggravated assault and possession of a firearm during the commission of a crime.   Petitioner filed his initial motion for a new trial on September 18, 2008.   (Resp't's Ex. 8 at 5, ECF No. 17-8.) This motion was filed by Petitioner's trial counsel, Moffett Flournoy.   Petitioner subsequently asked that Mr. Flournoy be removed from his case, and Mr. Bill Mason was appointed as a conflict attorney in January 2009.   (Resp't's Ex. 4 at 4:22-23, ECF No. 17-7.)   At that time, Mr. Mason explained to Petitioner the timeline for his case and that his case would be handled in the order in which the cases were appointed to Mr. Mason. (*Id.* at 4:22-5:10.)   In January 2010, Petitioner sent a letter to Superior Court Judge Peters stating that he wanted to dismiss Mr. Mason as his counsel.   (Resp't's Ex. 8 at 9.)

Judge Peters held a hearing on April 9, 2010, to address Petitioner's concerns with his counsel.   At that hearing, the court gave Petitioner an opportunity to argue his motion for a new trial *pro se* (*Id.* at 9:21-23), but the Petitioner declined and stated that he wanted alternative counsel appointed.   (*Id.* at 9:24-10:13.)   The court gave Petitioner the option of staying with Mr. Mason who said that he would be able to get to Petitioner's case by the end of 2010 (*Id.* at 13:11-14:2), or to have a different counsel appointed.   (*Id.* at 17:5-11.) But the court warned Petitioner that he would be "rolling the dice" by taking another attorney because Mr. Mason had already begun familiarizing himself with Petitioner's case.   (*Id.*)   Petitioner decided to have Mr. Mason removed from the case.   Thereafter,

new counsel was appointed and amended motions for new trial were filed.[1]

Although it has taken over a year for the court to rule on Petitioner's amended motion for a new trial filed in 2011, it cannot be said that the delay from the filing of the 2008 motion for new trial is the type of "unreasonable [or] unexplained state delay[]" that would require excusing the exhaustion requirement. *Cook*, 749 F.2d at 680. To the contrary, as explained above, the delays in this case have in large part been the result of Petitioner's repeated requests to have new counsel appointed. The exception to the exhaustion requirement in 28 U.S.C. § 2254(b)(1)(B) does not apply to this case. Petitioner's application for habeas relief should be dismissed for failure to exhaust.

## CONCLUSION

For the reasons described above, the Court continues to recommend that Respondent's Motion to Dismiss (ECF No. 13) be GRANTED and Petitioner's action dismissed for failure to exhaust. Petitioner's remaining pending motions (ECF Nos. 11, 18, 19, 25, 26, 31, & 34) should be denied as moot. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 10th day of December, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner's amended motion for new trial was filed on January 18, 2011, in the Superior Court of Muscogee County. Petitioner then filed a pro se motion for new trial on March 11, 2011.